\IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FREDERICK WELLS                                                                                    PLAINTIFF

VS.                                                                 CIVIL ACTION NO. 3:20-cv-40-DPJ-FKB

PELICIA HALL, Commissioner
for MDOC, et al.                                                                                 DEFENDANTS

## REPORT AND RECOMMENDATION

This is an action brought by a state prisoner pursuant to 42 U.S.C. § 1983 against prison officials.  Frederick Wells alleges that while he was an inmate in the custody of the Mississippi Department of Corrections (MDOC) and housed at Central Mississippi Correctional Facility (CMCF), prison officials used excessive force against him, failed to provide medical treatment for a resulting injury, and improperly adjudicated him guilty on rules violations reports (RVRs) arising out of the incident. Wells is proceeding *in forma pauperis*, and thus his claims are subject to the provisions of the Prison Litigation Reform  Act.  On March 31, 2021, the undersigned held a *Spears* hearing at which Plaintiff testified concerning his claims.  Having considered the complaint and Plaintiff's testimony, the undersigned recommends that several of the claims be dismissed.

Plaintiff's claims arise out a series of events occurring on August 30, 2019. Plaintiff alleges that late that evening, he and two other inmates approached the tower officers, Lt. Tameka Lewis and Capt. Jamaris Sparks, about restrictions on inmate privileges.  The inmates' specific complaint was that all inmates were being punished for wrongs committed by only a few inmates.  Lewis and Sparks left to ask Warden James

Fillyaw to come to speak with the inmates. Plaintiff and the other two inmates were released out of the zone to wait in the foyer. A few minutes later, the warden's van drove up, but no one exited the vehicle. After several minutes, three K-9 trucks appeared, bearing six K-9 officers. Three of the officers—Carl Arnold, Tyler Smith, and Lacedrick Fletcher--came into the foyer, ordered the inmates to strip naked, made them crawl on the floor, kicked and beat them, and forced them to walk barefoot outside on a road paved with sharp rocks. Although Warden Fillyaw did not actively participate in the use of force, Plaintiff alleges that the assault was carried out under his direction.

Plaintiff has named as defendants several officials who had no direct role in the use of force. At the hearing, he explained that he has sued Lt. Lewis and Capt. Sparks because they were in charge that night and because he believes that they may have couched the inmates' request to speak with the warden in a manner that led to the use of force against them. There is no respondeat superior liability under 1983, and thus Plaintiff cannot hold Lewis and Sparks liable merely because they were in charge that night. Furthermore, Plaintiff's speculative allegations about what these defendants may have said to the warden fail to state a claim.

Plaintiff admitted at the hearing that he has sued Pelicia Hall, the MDOC commissioner at the time, merely because of her supervisory position. This apparently is also his reason for suing Ron King, the superintendent at CMCF, and Warden Wendell Banks, as he has given no other justification. Thus, Plaintiff's claims against Hall, King, and Banks are subject to dismissal.

Plaintiff states that he sustained a broken toe as a result of the assault, and he makes a general allegation that he was denied medical treatment for this injury. He admits in the complaint, however, that he was given an x-ray. Plaintiff's allegations fall far short of stating a claim for deliberate indifference to a serious medical need. Furthermore, he has failed to allege that any particular defendant denied him treatment. Plaintiff's vague allegations about denial of medical treatment fail to state a claim.

As a result of the events of August 30, 2019, Plaintiff received RVR's charging him with shoving past an officer and inciting a riot. [1] at 24, 25. Two of the defendants have been sued because of their participation in the disciplinary process for the RVR's: Officer Michael Ross, who apparently accused Plaintiff of shoving past him as Plaintiff was leaving the zone to go out to the foyer, and Latasha Brooks, the disciplinary hearing officer who adjudged Plaintiff guilty. Plaintiff charges that Ross's accusation was false and that Brooks failed to follow proper procedure at the hearing. An inmate's challenge to a prison disciplinary proceeding is limited to situations where a denial of due process implicates a constitutionally-protected interest, such as liberty. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Plaintiff's punishment for the RVR's was only loss of privileges for 30 days. [1] at 24, 25. Because Plaintiff has identified no denial of due process and because no constitutional rights were implicated in his disciplinary process, he has failed to state a claim against Ross and Brooks.

Following the use-of-force incident, Plaintiff filed a grievance, which was referred to MDOC's Criminal Investigation Division (CID). [1] at 27-28. Plaintiff explained at the hearing that he has sued Sean Smith, the chief of the CID, because Plaintiff never

3

heard back from him regarding the investigation. However, an inmate has no constitutionally protected liberty interest in having a grievance investigated or resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). For this reason, the claim against Smith fails as a matter of law.

Accordingly, the undersigned recommends that the following defendants be dismissed: Pelicia Hall, Ron King, Wendall Banks, Tomeka Lewis, Latasha Brooks, Jamaris Sparks, Michael Ross, and Sean Smith. The undersigned also recommends that Plaintiff's claims of denial of medical care be dismissed and that this matter proceed solely on Plaintiff's excessive force claims against Warden James Fillyaw, Carl Arnold, Tyler Smith, and Lacedrick Fletcher.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 24th day of September, 2021.

s/ F. Keith Ball
United States Magistrate Judge
