-NITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FREDERICK WELLS                                                                                   PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:20-CV-40-DPJ-FKB

PELICIA HALL, COMMISSIONER
OF MDOC, ET AL.                                                                               DEFENDANTS

## ORDER

This action by a state prisoner pursuant to 42 U.S.C. § 1983 is before the Court on the Report and Recommendation [42] of Magistrate Judge F. Keith Ball.  Petitioner Frederick Wells alleges that on August 30, 2019, prison officials ordered him to strip naked, required him to crawl on the floor, kicked him, beat him, and forced him to walk barefoot outside on a road paved with sharp rocks.  R&R [42] at 2.  Wells sued various officials alleging excessive force, failure to provide medical treatment, and improper adjudication of rules-violations reports (RVRs) arising out the incident.  Judge Ball held a *Spears* hearing (at which Wells testified) and concluded that several claims and Defendants should be dismissed.  R&R [42] at 1.  The R&R invited Wells to file an Objection; to date, no Objection has been filed.[1]

First, Judge Ball recommended dismissing several Defendants that had no direct role in the incident, correctly noting there is no respondeat superior liability under § 1983.  *Id.* at 2.  As such, Tameka Lewis, Jamris Sparks, Pelicia Hall, Ron King, and Wendall Banks are dismissed.

Second, Judge Ball rejected Wells's vague allegations about denial of medical treatment, noting that Wells was given an x-ray following the alleged assault.  *Id.* at 3.  The undersigned

---

[1] The R&R [42] was entered on September 24, 2021, and gave Wells 14 days to file an Objection.  Wells sought and was granted an extension of time to file, making his Objection due November 10, 2021.  That deadline has passed.  And, as noted in the Order, Wells's excessive-force claims against several Defendants will proceed.

agrees that Wells's "allegations fall far short of stating a claim for deliberate indifference to a serious medical need." *Id.*

Third, Judge Ball explored Wells's complaints about the RVR disciplinary process that resulted in a 30-day loss of privileges. Wells claimed Officer Michael Ross falsely accused Wells of shoving past him and Hearing Officer Latasha Brooks failed to follow proper procedures at the hearing. *Id.* Explaining that "[a]n inmate's challenge to prison disciplinary proceeding is limited to situation where a denial of due process implicates a constitutionally[]protected interest, such as liberty," Judge Ball correctly concluded that Wells had failed to state a claim against Ross and Brooks. *Id.*

Finally, Judge Ball recommended dismissing the claims against Sean Smith, chief of MDOC's Criminal Investigation Division. Wells complained that, after filing a grievance, he never heard back on the investigation. But, as Judge Ball recognized, "an inmate has no constitutionally protected liberty interest in having a grievance investigated or resolved to his satisfaction." *Id.* at 4 (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)).

The well-reasoned (and unopposed) R&R is adopted as the opinion of the Court. Defendants Hall, King, Banks, Lewis, Brooks, Sparks, Ross, and Smith are dismissed; Wells's failure-to-provide-medical-care claim is also dismissed.

Wells's excessive-force claims against James Fillyaw, Carl Arnold, Tyler Smith, and Lacedrick Fletcher should go forward.

**SO ORDERED AND ADJUDGED** this the 17th day of November, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE